

Hogan Lovells US LLP
390 Madison Ave.
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

February 5, 2021

<u>Via CM/ECF</u>

The Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *Schmitt v. China XD Plastics Co. Ltd., et al.*, **No. 1:20-CV-06028**

Dear Judge Bulsara:

We represent the Special Committee to the Board of Directors of Defendant China XD Plastics Company Limited ("China XD" or the "Company"). In accordance with the Court's Minute Order and Entry dated February 1, 2021, we respectfully submit this letter brief in further support of a motion to stay this action (the "Stay Motion"). A stay is both appropriate and necessary given that a Nevada court has already denied a motion to preliminarily enjoin the proposed merger transaction at issue (the "Transaction")—which provides a *25% premium* to the Company's unaffected pre-announcement stock price—in a virtually identical, prior-filed Nevada state-court action based on a full record following expedited discovery.[1] Moreover, a proposed settlement has been reached, subject to the Nevada court's approval, that provides for substantial class-wide monetary recovery that would moot Plaintiff's claims here. More specifically, the parties have entered into a binding confidential Term Sheet that provides for, among other things, the payment of cash consideration in exchange for customary releases of stockholder class claims related to the Transaction, subject to the submission of a stipulation of settlement and motion for preliminary approval, notice to the stockholders who have the right to opt-out, and court approval, among other customary terms.[2]

Under controlling Nevada law, the Nevada court denied the *Feng* plaintiffs' motion to enjoin a Nevada company—China XD—from consummating its proposed merger transaction based on application of the Nevada business judgment rule. Plaintiff, an Iowa resident who held

---

[1]   On November 23, 2020, the Honorable Elizabeth Gonzalez, Eighth Judicial District Court for Clark County, Nevada, denied the preliminary injunction motion in *Feng, et al. v. Han, et al.*, Case No. A-20-822393-B, District Court for Clark County, Nevada (filed October 2, 2020). *See* Order Denying Prelim. Inj. Mot., a true and correct copy of which is attached hereto as Exhibit A; Min. Order. Denying Recons. Mot., a true and correct copy of which is attached hereto as Exhibit B.

[2]   In the event the Court wishes to review the Term Sheet, defendants respectfully request permission to submit it for *in camera* review due to its Confidential terms and because selective disclosure to Plaintiff may be improper due to China XD's public company status.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices: Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar  Zagreb.  Business Service Centers: Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

Hon. Sanket J. Bulsara - 2 - February 5, 2021
United States Magistrate Judge

just 0.07% of all China XD common shares, now asks a New York federal court for a do-over on precisely the same issue: that Defendants allegedly breached their fiduciary duties to the Company's stockholders by undertaking the Transaction. Although Plaintiff purports to also assert federal disclosure claims, he brings them solely on his own behalf—an improper basis for disturbing the Nevada court's decision and disrupting the Transaction for all other shareholders. *See, e.g., Gottlieb v. Willis*, 2012 WL 5439274, at *7 (D. Minn. Nov. 7, 2012) (denying motion to enjoin $50 million merger brought by a single plaintiff, noting "it is difficult to justify the extraordinary remedy of a preliminary injunction of a complex transaction affecting thousands of people" based on a single shareholder's complaint). In any event, Plaintiff's securities claims were mooted months ago when the Company stockholders—including a majority of the unaffiliated, minority shareholders—voted to approve the Transaction. As for Plaintiff's Nevada state-law claims, a Nevada court already has found them insufficient to stop the merger. Entertaining his motion for expedited discovery in aid of a preliminary injunction motion would invite duplicative effort, inconsistent rulings, and judicial inefficiency.

Further, the purported urgency of Plaintiff's request does not square with his substantial delay in pursuing equitable relief. This matter comes before the Court approximately *seven months* after the Transaction involving China XD was announced in a preliminary proxy statement; *six months* after the first of *five* other federal actions challenging the Transaction was filed, all of which were dismissed with prejudice following the Company's filing of a definitive proxy statement;[3] nearly *three and a half months* after the filing of the definitive proxy statement and the *Feng* Action; *nearly three months* after the Company's stockholders voted to approve the Transaction on a fully informed basis; *over two months* after the Nevada court denied the *Feng* plaintiffs' motion for a preliminary injunction and subsequent motion for reconsideration; and after the Nevada court stayed another Nevada state court action relating to the Transaction[4] after being apprised of the proposed settlement.[5]

Federal courts routinely exercise their discretion to stay parallel merger-related actions, and the foregoing factual backdrop presents a particularly compelling basis for such relief. *See, e.g.*, *Gabelli v. Sikes Corp.*, 1990 WL 213119, at *3 (S.D.N.Y. Sept. 18, 2012) (staying merger case in favor of parallel first-filed state action); *McCreary v. Celera Corp*, 2011 WL 1399263

---

[3]   *See Sears et al. v. China XD Plastics Company Limited et al.,* 1:20-cv-05156 (S.D.N.Y. July 7, 2020) (dismissed October 16, 2020); *Post et al. v. China XD Plastics Company Limited et al.,* 1:20-cv-00926-CFC (D. Del. July 8, 2020) (dismissed October 8, 2020); *Goebert v. China XD Plastics Company Limited et al.*, 1:20-cv-05156-AT (S.D.N.Y. July 10, 2020) (dismissed October 18, 2020); *Kothari v. China XD Plastics Company Limited et al.*, 2:20-cv-01330-APG-BNW (D. Nev. July 17, 2020) (dismissed October 19. 2020); *Siu v. China XD Plastics Company Limited et al.,* Case 1:20-cv-07262 (S.D.N.Y. Sept. 4, 2020) (dismissed October 23, 2020) (collectively, the "Federal Disclosure Cases").

[4]   *Aerts, et al. v. Han, et al.*, Case No. A-20-819986-B, District Court for Clark County, Nevada (filed August 21, 2020).

[5]   The background and procedural history supporting the Stay Motion is set forth in greater detail in Defendants' letter dated January 29, 2021, which is incorporated herein by reference.

(N.D. Cal. April 13, 2011) (same); *Krieger v. Atheros Commc'ns*, 776 F. Supp.2d 1053 (N.D. Cal. 2011); *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp.2d 1160 (C.D. Cal. 2008) (same). As discussed below, Plaintiff has no basis to request expedition and equitable relief, will suffer no prejudice as a result of a stay, and all applicable factors and considerations strongly support a stay of this action.

## **Argument**

Under the *Colorado River* abstention doctrine, federal courts have broad discretion to stay a case where, as here, there is a parallel state court action and a stay would avoid duplication of effort, prevent undue burden and inconsistent rulings, and promote judicial efficiency. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976) (finding abstention appropriate where there is a concurrent state proceeding based on considerations of "wise judicial administration"). In addition, federal courts have the inherent authority to stay a case pursuant to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In applying this inherent authority, courts in this district consider the factors identified in *Kappel v. Comfort*, 914 F. Supp. 1056 (S.D.N.Y. 1996), the basic goal of which is to avoid prejudice.

Here, a stay clearly is warranted—and, indeed, necessary—based on *Colorado River* abstention and the *Kappel* factors to serve judicial economy, preserve the efficient administration of justice, prevent undue prejudice to Defendants, and to protect the Company's stockholders' interest in the Transaction, which they approved months ago, as well as the proposed settlement, which would yield additional monetary remuneration for the stockholders.

### I. **All Factors Support a Stay Based on *Colorado River* Abstention**

Federal courts have held that, in the interests of "wise judicial administration," parallel merger-related actions are "a prime scenario for a *Colorado River* stay." *In re Countrywide Financial Corp. Derivative Litig.*, 542 F. Supp.2d 1160, 1172, 1173 (C.D. Cal. 2008) (finding Delaware a "particularly suitable forum to adjudicate those disputes" because "the class action merger-related claims allege breaches of fiduciary duties, which are subject to Delaware law" and "the Delaware court obtained jurisdiction over the class action merger-related claims immediately after the merger . . . and . . . is further along in adjudication than this Court"). This is precisely such a scenario.

The initial inquiry under *Colorado River* is "whether the concurrent state and federal actions are in fact 'parallel.' Cases are parallel when 'substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *Gabelli*, 1990 WL 213119 at *3 (quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th 1988)). This action and the *Feng* Action are parallel cases because they involve not just "substantially the same parties," but nearly identical defendants, and because they clearly involve substantially the same issues and claims. The crux of both cases is essentially the same: alleging

Hon. Sanket J. Bulsara  - 4 -  February 5, 2021
United States Magistrate Judge

virtually identical conduct, both complaints assert that Defendants breached their fiduciary duties to the Company's stockholders by undertaking the Transaction and by allegedly making or approving false or misleading disclosures about the Transaction in proxy statements filed with the SEC. (*See Feng* Compl. ¶ 28, a true and correct copy of which is attached hereto as Exhibit C; c*ompare* Compl. at ¶¶ 47-87 *with Feng* Compl. ¶¶ 127-147.)[6] Nevada law governs the breach of fiduciary duty claims. That Plaintiff has chosen to dress up certain disclosure allegations in the guise of federal securities law claims, as opposed to the common law breach of fiduciary duty claims in the *Feng* action, does not alter the *Colorado River* analysis. *See Gabelli*, 1990 WL 213119 at *4 (finding federal and state actions parallel where they involve the same transaction and federal complaint is "dressed up in the guise of a securities fraud claim" with regard to alleged disclosure violations). Thus, this action and the *Feng* action clearly are parallel.

Following that threshold inquiry, courts consider the following factors to determine whether abstention is appropriate in cases involving parallel state-court actions: "(1) whether either court has assumed jurisdiction over any res; (2) whether the federal forum is inconvenient and to what degree; (3) whether abstention would avoid piecemeal litigation; (4) whether state or federal jurisdiction enjoyed chronological precedence; (5) whether state or federal law controls the decision; and (6) whether 'the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.'" *Ulico Cas. Co. v. Cox Mech. Contracting, Inc.*, 2007 WL 2265563, at *6 (S.D.N.Y. Aug. 2, 2007). Far from a "mechanical checklist," the factors are weighed "depending on the particular setting of the case." *Gabelli*, 1990 WL 213119 at *3.

Apart from the first factor, which is inapplicable, all of the relevant factors weigh heavily in favor of the Court exercising its discretion to stay this case based on *Colorado River* abstention.

A. <u>This Court Is an Inconvenient Forum</u>

A New York court is not a convenient forum for a citizen of Iowa, relying on claims governed by Nevada law, to seek an order enjoining the merger of a Nevada company. "The citizenship of the respective parties is one consideration that bears on the inconvenience of the federal forum." *Gabelli*, 1990 WL 213119 at *4.

China XD is a corporation organized under the laws of Nevada. So too is Faith Horizon Inc., a special purpose merger entity that is part of the Buyer Group. For this reason, Nevada is a more appropriate forum to litigate claims against these entities, and Nevada law governs the breach of fiduciary duty claims against the Defendants pursuant to the internal affairs doctrine. All of the Company's operations, officers, and board members (including the Special Committee defendants) reside in China and have no relationship to New York. The sole exception is defendant Taylor Zhang, the Company's U.S.-based Chief Financial Officer and board member, who currently

---

[6] While Plaintiff purports to assert breach of fiduciary duty claims on behalf of a putative class of China XD stockholders, his federal securities law claims are brought individually, and not on behalf of a class, presumably to avoid the strictures of the Private Securities Litigation Reform Act. The individual nature of his federal disclosure claims further supports a stay.

resides in New York but has no role in Plaintiff's claims.[7] Apart from identifying Mr. Zhang by title and address (*see* Compl. ¶¶ 11-16), there is not a single factual allegation against Mr. Zhang to support naming him as a defendant—and this is unsurprising given that full authority to consider, negotiate, and approve or reject the Transaction was delegated to the Special Committee, of which Mr. Zhang is not a member. The New York residency of a single Company officer with no relevance to the case does not render New York a convenient forum to litigate Plaintiff's claims.

As for Plaintiff, he is a citizen of Iowa. It is thus entirely arbitrary that Plaintiff elected to pursue relief in this district, as opposed to Nevada. Certainly, Nevada is a no less convenient forum for Plaintiff than New York, and Plaintiff will be entitled to object to the proposed settlement in Nevada, if he sees fit. That Plaintiff's counsel is located in New York and may prefer to litigate close to home deserves little, if any, weight. *See Cal. River Watch v. Sweeney*, 2017 WL 4248013, at *5 (E.D. Cal. Sept. 25, 2017) ("[C]ounsels' convenience does not drive [the *Colorado River* convenience] analysis."). Accordingly, this factor weighs strongly in favor of a stay.

    B. <u>A Stay Would Avoid Piecemeal Litigation</u>

A stay here would avoid piecemeal litigation—"the most important" factor in the *Colorado River* analysis. *Ulico Cas. Co.*, 2007 WL 2265563 at *6. The risk of piecemeal litigation arises in cases involving the possibility of "inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 524 (2d Cir. 2001). Such a risk exists where "different claims arising out of the same set of events are being litigated in concurrent lawsuits." *Ulico*, 2007 WL 2265563 at *6. This is precisely the situation here.

As summarized below, this case is premised on factual allegations virtually identical to those in the *Feng* Action, and also seeks virtually identical relief (*i.e.*, an injunction to block the Transaction):

- The flawed process resulted in an unfairly low price for shareholders. *Compare* Compl. ¶¶ 35–36, 42 *with Feng* Compl. ¶¶ 4, 130.

- The Special Committee failed to fulfill its fiduciary duties to conduct proper due diligence and attempt to obtain the best value on any sale of the Company. *Compare* Compl. ¶¶ 41–42 *with Feng* Compl. ¶¶ 128, 68.

- The Special Committee failed to pursue a majority-of-the-minority voting provision. *Compare* Compl. ¶ 44 *with Feng* Compl. ¶¶ 128, 68.

---

[7]    Contrary to the Complaint's allegations, the Company does not "maintain U.S. offices in Flushing" (Compl. ¶ 11); that is merely Mr. Zhang's residence.

Hon. Sanket J. Bulsara                      - 6 -                      February 5, 2021
United States Magistrate Judge

- Duff & Phelps' fairness opinion was inadequate. *Compare* Compl. ¶¶ 38, 40 *with Feng* Compl. ¶¶ 75–78.

- The Proxy Statements misrepresented and omitted material facts. *Compare* Compl. ¶ 51 *with Feng* Compl. ¶ 122.

- Plaintiffs demand an injunction blocking the Transaction and damages. *Compare* Compl. at 24 *with Feng* Compl. at 34.

Thus, absent a stay, Defendants will "face liability in two forums with the risk of inconsistent results," *De Cisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989), as well as duplicative discovery burdens and litigation expenses.

      Indeed, Defendants already have complied with expedited discovery in the *Feng* Action, having produced much of the information Plaintiff purportedly seeks permission to seek in this case, including Board and Special Committee minutes, board books, projections, all documents provided to the Special Committee's financial advisor, Duff & Phelps, and retainer and insurance agreements, among other things. The production of these materials required considerable effort and expense given that they were collected and produced on an expedited basis *from China* in Chinese, subject to compliance with applicable Chinese state secrecy laws, and amid a global pandemic. In addition, Defendants secured the Zoom depositions of Mr. Zhang and a U.S.-based Duff & Phelps representative in the *Feng* Action, and also provided interrogatory responses from the Buyer Group in a compromise necessary to navigate the unavailability of other party representatives and defendants for deposition due to Chinese laws precluding depositions in mainland China and restrictions on travel and quarantine rules in mainland China and Hong Kong.

      It would be wholly inequitable, prejudicial, and unnecessary to subject Defendants to a second round of expedited discovery in support of a motion that already has been denied by a Nevada court based on governing Nevada law. Indeed, allowing this action to proceed would ensure not just "piecemeal" litigation, but rather wholly duplicative litigation that clearly would present a risk of inconsistent judgments.

      In applying this factor, Plaintiff's decision to dress up his disclosure claims as violations of federal securities law, as opposed to the Nevada state-law breach of fiduciary duty claims asserted in *Feng*, is of no moment. A stay is within the court's discretion where there is the "imminent possibility" that a parallel state suit will "dispose" of the issue. *Id*. Here, unless Plaintiff opts out and elects to pursue individual claims, Plaintiff's claims arising from alleged federal securities violations will be moot upon approval of the settlement in *Feng* Action. *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367 (1996) (holding that release in Delaware action based on state-law breach of fiduciary claims was effective to release federal securities claims). Indeed, the same circumstances were present in *Gabelli*, where the Southern District of New York held: "a stay is proper in the instant action because of the imminent possibility that the [state court] will dispose of the exclusive federal issue by approving the settlement and its attendant

releases. If this case proceeds on parallel tracks in state and federal court, there is a visible threat to efficient adjudication." *Gabelli*, 1990 WL 213119 at \*5.

### C. The *Feng* Action Has "Chronological Precedence" Because It Was Filed and Litigated Many Months Before This Case

The months-long litigation record in the *Feng* Action weighs strongly in favor of a stay here. "In assessing the order in which jurisdiction was obtained by the concurrent state and federal forums, the test is not simply a race to the courthouse. Rather, the relative progress of the federal and state proceedings must be carefully examined." *Id.* (quotations and citation omitted). As summarized above and in Defendants' January 21 letter, the undisputed record demonstrates Plaintiff's extraordinary delay, as well as the clear vexatious and reactive nature of Plaintiff's filing. *See Gabelli*, 1990 WL 213119 at \*7 (noting the Second Circuit "has . . . found 'considerable merit' in the idea 'that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River'") (quoting *Telesco v. Telesco Fuel & Masons' Material, Inc.*, 765 F.2d 356, 363 (2d Cir. 1985)). *See De Cisneros*, 871 F.2d at 308 ("[T]he relative progress of the federal and state proceedings" strongly favors a stay).

### D. Nevada State Law Controls the Decision

Plaintiff's attempt to ground his Complaint in federal securities claims under Sections 13, 14 and 20 of the Securities Exchange Act of 1934 is irrelevant to the Court's analysis of whether a stay is appropriate. Although the presence of federal securities claims that cannot be adjudicated by state courts ordinarily weighs "against a postponement in the exercise of federal jurisdiction," where, as here, Defendants "seek a stay only until the [state court] rule[s] on the tentative settlement and not until a state court adjudication on the merits, it is of diminished concern that federal law provides the rule of decision" over these claims. *Gabelli*, 1990 WL 213119 at \*6.

This is particularly true here because Plaintiff cannot possibly pursue expedited relief in aid of a preliminary injunction based on his federal securities claims *because the stockholder vote approving the Transaction occurred months ago* and, in any case, Plaintiff's federal securities claims are asserted on an individual, not class-wide, basis. *See Calamore v. Juniper Networks Inc.*, 364 Fed. Appx. 370, 372 (9th Cir. 2010) (declining to void vote based on late proxy disclosure claims brought nearly a year after the vote, noting "when the 'eggs' have irretrievably 'scrambled'…there is no possibility of effective equitable relief."). Therefore, Plaintiff's securities claims are moot and, in any case, utterly irrelevant to Plaintiff's attempt to seek injunctive relief. The only claims upon which Plaintiff could hope to seek an injunction are his

Nevada state-law breach of fiduciary duty claims—and those claims already have been rejected as a basis for injunctive relief by a Nevada court applying Nevada law.[8]

### E. Plaintiff's Rights Are Adequately Protected in the *Feng* Action

As a matter of law, Plaintiff's rights are adequately protected where, as here, he is afforded the opportunity to object and opt out of the settlement. *See Gabelli*, 1990 WL 213119 at *6 (right to object to settlement adequately protected plaintiff's rights in state-court proceeding and supported issuance of a stay). "There is no reason to doubt that the [state court] will evaluate the tentative settlement in a fair and impartial manner taking into account any objections raised by [plaintiff]." *Id.*[9]

## II. The *Kappel* Factors Also Weigh Decidedly in Favor of a Stay

In addition to the *Colorado River* factors, the *Kappel* factors also compel a stay in this case. Courts in this district frequently apply the five *Kappel* factors when determining whether to grant a stay: "'(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Albert v. Blue Diamond Growers*, 231 F. Supp.3d 509, 512 (S.D.N.Y. 2017) (quoting *Kappel*, 914 F. Supp. At 1059). The "basic goal" of the *Kappel* factors is to avoid prejudice. *Lasala v. Needham & Co.*, 399 F. Supp.2d 421, 427 (S.D.N.Y. 2005).

---

[8] In so holding, the Nevada court rejected Plaintiff's assertion that injunctive relief somehow is justified based on the mere fact that China XD's operations and assets are in China. Indeed, such speculative assertions about judgment enforcement have been rejected by other courts as insufficient as a matter of law. *Apollo Techs. Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1210 & n.70 (D.N.J. 1992) (rejecting argument that plaintiff would suffer irreparable harm "merely because a defendant's assets are maintained in or transferred to a foreign country" and noting that plaintiff offered nothing but "general statements" to support its argument). Moreover, Plaintiff, like all stockholders, of course knew that China XD was based in China when he invested, and thus assumed any risk. *See Fluor Daniel Argentina, Inc. v. ANZ Bank*, 13 F. Supp. 2d 562, 565 (S.D.N.Y. 1998) (complexities relating to reaching defendant's assets outside of the United States "do not rise to the extraordinary level sufficient to warrant a finding of irreparable harm" when "such risks . . . were fully foreseeable by [the plaintiff] when it entered into its agreement with [the defendant] and effectively assumed these risks"). And, in any case, Plaintiff ignores that China XD will remain a Nevada corporation post-Transaction.

[9] For purposes of the *Colorado River* doctrine, "it makes no difference to the state proceeding whether the federal action is stayed or dismissed." *Attwood v. Mendocina Coast Dis. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989). Regardless of whether a court enters a stay or dismisses a case, it is concluding that the state court is the proper venue. *Id.* As a result, staying a case is the equivalent of a dismissal under the doctrine. *Id.*

Hon. Sanket J. Bulsara                                    - 9 -                                    February 5, 2021
United States Magistrate Judge

These factors also have been applied where, as here, a pending settlement agreement in a state-court action would resolve the federal-court plaintiff's claims. *See Albert*, 231 F. Supp.3d at 509 (granting stay in favor of Arkansas state court action pending approval of settlement that contemplates class-wide relief). *But see SST Global Technology, LLC v. Chapman*, 270 F. Supp.2d 444, 455 (S.D.N.Y. 2003) (declining to apply *Kappel* factors in favor of *Colorado River* doctrine for stay of case involving parallel state litigation). Under the *Kappel* factors, as with *Colorado River* abstention, "parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action." *Id.* (quoting *Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991).

A. <u>Plaintiff Will Suffer No Prejudice if This Case Is Stayed</u>

Courts weigh the first factor heavily against plaintiffs—like Plaintiff here—who sit on their rights. *See Kappel*, 914 F. Supp. at 1058 ("The desultory history of the various actions … shows that despite their professed eagerness to proceed here, plaintiffs have shown little apparent inclination to seek an early and comprehensive resolution of the issues underlying the case at bar."). Plaintiff's professed desire to seek expedited discovery to pursue a second bite at the preliminary injunction apple is belied by his own delay. His delay likewise undermines any credible argument that he will suffer irreparable harm if the Transaction closes. *See Citibank, N.A. v. Citytrust*, 756 F.2d 273, 277 (2d Cir. 1985).

If Plaintiff is opposed to the proposed settlement, despite the substantial monetary recovery it contemplates, he can object in Nevada or opt out of the proposed settlement. Given that there is no legal or factual basis to permit him to seek injunctive relief, he can claim no prejudice as a result of a stay of this proceeding.

B. <u>There Is No Basis to Burden Defendants with the Defense of the Same Claims, Expedited Discovery, and Injunctive Request in Two Forums</u>

Defendants would suffer a heavy and unnecessary burden if required to once again devote resources to litigating a preliminary injunction motion that already has been denied in Nevada, after substantial expedited discovery, and to litigate claims that are the subject of a proposed settlement that would moot Plaintiff's class claims. *See Estate of Heiser v. Deutsche Bank Tr. Co. Americas*, 2012 WL 2865485, at *4 (S.D.N.Y. July 10, 2012), *aff'd*, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) (finding a stay appropriate where it may absolve defendant of the need to litigate a variety of issues and thus avoid the need for unnecessary litigation).

C. <u>The Interests of the Courts Support a Stay</u>

By staying this case, the Court will be discharging its obligation to ensure that the exercise of jurisdiction does not have an avoidably harmful impact on other proceedings. *See Kappel*, 914 F. Supp. at 1059. Staying a case at this early juncture "advance[s] judicial efficiency and maximize[s] the likelihood that neither the [c]ourt nor the parties expend their assets addressing" mooted claims. *Market-Alerts Pty. v. Bloomberg Fin. L.P.*, 922 F. Supp.2d 486, 494 (D. Del.

Hon. Sanket J. Bulsara               - 10 -               February 5, 2021
United States Magistrate Judge

2013) (internal quotation marks omitted). Moreover, courts have discretion to stay proceedings where judicial efficiency can be achieved. *See Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011). It would be a waste of this Court's resources, the Nevada court's resources, and Defendants' resources, for this case to proceed given the prior Nevada ruling and proposed settlement.

### D. The Interests of Non-parties and the Public Support a Stay

The interests of non-parties and the public are best served by enforcing a stay. "[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary." *Readick v. Avis Budget Group, Inc.*, 2014 WL 1683799, at *6 (S.D.N.Y April 28, 2014) (alteration in original) (citation omitted).

Likewise, the interests of the non-party members of the putative class strongly support a stay. The majority of these stockholders voted to approve the Transaction months ago, including the unaffiliated minority stockholders. The Transaction provides a 25% premium to the Company's unaffected pre-announcement stock price. Moreover, the Company's unaffiliated stockholders stand to receive additional monetary recovery in connection with the proposed settlement, if it is approved. Thus, Plaintiff—who, again, brings federal claims only on behalf of himself—proposes that he be allowed to stand in the way of the stockholders' will, and to interfere with the settlement timely and vigorously pursued by the *Feng* plaintiffs, who collectively own nearly five times the number of shares held by Plaintiff (256,740 shares v. 52,327 shares). As the holder of a mere 0.146% of the unaffiliated common shares, Plaintiff simply has no basis for his belated and meritless attempt to interfere with the Nevada proceedings and the proposed settlement.

### **Conclusion**

The Nevada court has spoken on a matter of Nevada law applied to a Nevada company. In light of that decision and the proposed settlement, as well as the Court's inherent authority to control its docket based on *Colorado River* abstention, the *Kappel* factors and otherwise, Defendants respectfully request that this matter be stayed.[10]

---

[10] The Defendants have expressly reserved all defenses and, to the extent the Court declines to stay this case, respectfully request leave to file a motion to dismiss for, among other things, lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim upon which relief can be granted.

Hon. Sanket J. Bulsara             - 11 -             February 5, 2021
United States Magistrate Judge

                        Respectfully submitted,

                        */s/ Ryan M. Philp*
                        Ryan M. Philp
                        HOGAN LOVELLS US LLP
                        ryan.philp@hoganlovells.com
                        390 Madison Avenue
                        New York, NY 10017
                        Telephone: 212.918.3000
                        Facsimile: 212.918.3100

                        *Attorney for Defendants Huiyi Chen, Guanbao Huang, and Linyuan Zhai*


                        */s/ J. Colby Williams*
                        J. Colby Williams (*pro hac vice* pending)
                        CAMPBELL & WILLIAMS
                        jcw@cwlawlv.com
                        700 South Seventh Street
                        Las Vegas, NV 89101
                        Telephone: 702.382.5222
                        Facsimile: 702.382.0540

                        *Attorney for Defendants Jie Han, XD. Engineering Plastics Company Limited, Faith Horizon, Inc., and Faith Dawn Limited*


                        */s/ Darren J. Lemieux*
                        Darren J. Lemieux (*pro hac vice* pending)
                        LEWIS ROCA ROTHGERBER CHRISTIE LLP
                        DLemieux@lrrc.com
                        3993 Howard Hughes Parkway, Suite 600
                        Las Vegas, NV 89169
                        Telephone: 702.949.8200
                        Facsimile: 702.949.8398

                        *Attorney for Defendant China XD Plastics Company Limited and Taylor Zhang*


cc:     The Honorable Judge Nicholas G. Garaufis