Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Tel: 212.421.6492
Fax: 212.421.6553
www.sfclasslaw.com



**Olimpio Lee Squitieri**
lee@sfclasslaw.com

February 12, 2021

**VIA CM/ECF**

Honorable Sanket J. Balsara
United States Magistrate Judge
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Schmitt v. China XD Plastics Co., Ltd., et al.*
           Case No.: 1:20-cv-06028

Dear Judge Balsara:

We represent the Plaintiff in this action and write to oppose the letter motion of the Special Committee Defendants for an indefinite stay of this action in deference to the Nevada action. (Hereinafter the "Feb 5 Letter").

    **A. New Material Events**

Since the Feb 5 Letter, two significant events have occurred to change the landscape of the current dispute over a stay. First, China XD on February 8, 2021 filed a Form 8-K (material event) with the SEC announcing that the Merger Agreement has been amended to postpone the closing of the Merger Agreement until May 10, 2021. *See* Exhibit A annexed hereto. This is the second such amendment postponing the closing date. Accordingly, the need for expedited discovery and an expedited hearing have been obviated. As a result, Plaintiff hereby amends his application for expedited discovery and now seeks only an order requiring Defendants over whom jurisdiction has been acquired to produce to Plaintiff all discovery product generated in the Nevada action and a further order allowing Plaintiff to participate in any further discovery to be conducted in the Nevada action. Thus, Special Committee's protestation about burdensome, duplicative discovery and additional expense have now been resolved in Defendants' favor, while still allowing Plaintiff a fair chance to gather evidence in support of his claims.

The second event has been made possible by the first event. Plaintiff has amended his complaint to convert his individual federal security proxy claims to class claims. Because of China XD's lengthy postponement of the closing date, Plaintiff no longer fears that the Private

Honorable Sanket J. Bulsara
February 12, 2021
Page 2

Securities Litigation Reform Act ("PSLRA") prerequisites applicable to class actions for appointment of lead counsel will preclude seeking timely injunctive relief to enjoin the <u>closing</u> of the Merger. This obviates Special Committee's other concern: that a sole shareholder (albeit one with 50,000 plus shares) is seeking to enjoin the closing of the Merger for all shareholders. The amended complaint to be filed later today or Monday, February 15, 2021 (upon receipt of the PSLRA certification from Plaintiff) is annexed hereto with tracked changes as Exhibit B and the original complaint (ECF No. 1) is annexed hereto as Exhibit C.

The proposed amended complaint has also deleted <u>all</u> claims, all allegations and all counts for fiduciary duty breaches and aiding and abetting thereof and has deleted as well all of the Special Committee Defendants from the case. This relieves this Court of any concerns about overlapping issues and potentially inconsistent rulings or comity concerns because now the Nevada action and this action do not share <u>any</u> causes of action in common. Nor are there any overlapping issues of intent, motive or good faith because none of the federal securities claims asserted in the original complaint or the amended complaint require any showing of scienter or bad faith or any other culpable mental state. Section 14(a) proxy claims are not subject to scienter or a "bad faith" standard. *See, Gerstle v. Gamble Skogmo, Inc.*, 478 F.2d 1281, 1299-1300 (2d Cir. 1973); *Wilson v. Great American Industry, Inc.*, 855 F.2d 987, 985 (2d Cir. 1988).

### B. <u>A Stay Is Not Warranted</u>

The basis of Special Committee/s motion is (1) this action and the Nevada action are "virtually identical," "parallel actions;" (2) an injunction is moot because the shareholder vote has already occurred; (3) the Nevada court has already denied a preliminary injunction thus adjudicating the fiduciary breach claims; (4) the "Term Sheet" by itself constitutes a settlement and Plaintiff should not be allowed to undermine the "settlement;" (5) expedited discovery will greatly inconvenience Defendants; (6) this action is moot because the <u>vote</u> has occurred even though it has not closed.

### 1. **The Nevada Action And The Original Action Were Materially Different; The Proposed Amended Complaint Eliminates Any Overlap**

The original complaint in this action asserts claims arising Sections 13(d) and (e), 14(a) and 20(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the issuance of materially defective proxy materials and Schedule 13Ds and Schedule 13E-3ssoliciting the shareholders vote in favor of the Merger. It also asserts Proxy claims arising out of the January 2020 proxy solicitation for approval of a stock option grant of millions of stock options to newly seated directors who were about to be named to the Special Committee. The original complaint also asserts fiduciary breach claims under Nevada law (China XD's state of incorporation) against the Director Defendants for breach of fiduciary duties owed by directors to shareholders under Nevada law and against other Defendants including Han and HD Engineering for aiding and abetting thereof and against the Buyer Group for breaches of

Honorable Sanket J. Bulsara
February 12, 2021
Page 3

fiduciary duties owned by majority owner to minority owners. The latter claims have been deleted from the proposed amended complaint. *See* Exhibit B.

*Schmitt's* original complaint and the proposed amended complaint has three unique federal securities claims as to which this Court has exclusive jurisdiction: Count 1 for violations of Section 14 and Rule (a)(9) thereunder with respect to the Stock Issuance Proxy and the Merger Proxy. *See Schmitt* Complaint Exhibit C at 53, 54, 55; Count II a Section 13(e)(3) claim, *Schmitt* Exhibit C 58-73; and Count III a Section 20(a) claim against "controlling persons" for the Count I and Count II violations. *Schmitt,* Ex. C at 75-82. *Schmitt's* original complaint and proposed amended complaint contain an elaborate analysis of the Section 13(e)(3) and Rule 13e-3 requirements as applied to the Merger Proxy. It asserts the Proxy claims against XD and Buying Group. No "outside directors" are named as Defendants in any of the federal securities claims in either the original complaint or the proposed amended complaint. *Schmitt*, Ex. C at 75-82.

It is alleged in both the original complaint and the proposed amended complaint that the Proxy Statements soliciting the Merger were defective and in violation of SEC Rule 14 and Rule 14a-9 and Rule 13e-3 because they contained untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. The stockholders vote was required for approval of the merger. Rule 13e-3 was promulgated to provide for "investor protection" with respect to transactions by issuers [such as China XD] or their affiliates [such as Buying Group] which would result in one or more classes of the equity securities of the issuer no longer having the attributes of public ownership. The violations are numerous and material. For example, Duff & Phelps Fairness Opinion identifies a "Management Representation Letter" ("MRL") which contains "representations as to historical financial statements for the Company and the Management Projections and the underlying assumptions of such projections." Proxy at B-3. None of these materials are disclosed. It is also alleged that Defendants failed, in violation of disclosure obligations under Sections 14 and 13 to make any disclosures of reports, opinions, appraisals and negotiations which according to the Proxy occurred on May 19, 2020 (Proxy at 24); May 21, 2020 and May 22, 2020 (*Id.*); May 25, 2020 (Proxy at 25); May 28, 2020 (*Id.*); June 1, 2020, June 4, 2020, June 5, 2020, June 9, 2020, June 11, 2020, June 12, 2020 and "during the course of the next few days (Proxy at 26); June 14 and June 15, 2020 (Proxy at 26). Defendants China XD, Han and XD Engineering also failed to make disclosure of any appraisals, opinions or reports generated or received in connection with the January 22, 2020 subsidiary sale. In addition, Rule 13e-3 was violated because there is inadequate disclosure of the reason why the takeover price is $1.20 per share when SEC filings indicate that its book value is over $12.00 per share.

There are no similar claims in the Nevada action and to extent there is a non-disclosure claim it is limited to a single line in Count I which is only "Against The Outside Directors" (*See* Nevada Complaint Feb 5 Letter, Exhibit C ECF 16-3 at pgs. 32-33 of 36). In fact, the Nevada action has no claims at all against China XD, the issuer of the Merger and Stock Issuance Proxies. *See* Nevada Complaint Feb 5 Letter, Ex. C ECF 16-3 at pgs. 32-35 of 36. Moreover, the Nevada complaint contains only six paragraphs directed at misleading disclosures and

Honorable Sanket J. Bulsara
February 12, 2021
Page 4

omission in the Merger Proxy. (Nevada Complaint, ECF 16-3 at pgs. 31-32 of 36) none of which even mention the Section 13(e)-3 disclosure violations or the substance thereof. The subjects of the non-disclosure allegations are the $62.8 million receivable; the "long-term prospect of China XD and "failure to disclose details underlying Duff's retention as the Committee's financial advisor." Nevada Complaint. *Id*. The disclosure claim in the Nevada action do not come anywhere near the detailed, particularized claims in *Schmitt's* complaint at ¶¶ 47-73 which are rich in factual detail and explication of the manner in which Rules 14(a)-(9) and 13(e)-3) were violated.

Not surprisingly, the Nevada Judicial District Court never even mentioned any disclosure claims or disclosure issues in either its "Order Denying Plaintiffs' Motion For Preliminary Injunction" (February 5 letter, Ex. A, ECF 16-1 pgs. 2-6 of 6) nor in that court's "Minute Order" on Nevada Plaintiffs' motion for reconsideration. (*See* February 5 letter, Ex. B, ECF 16-2 p. 2 of 2).

This action also has another unique claim separate from the Merger Proxy Claim: a suspiciously timed large grant of stock options to directors' second and separate proxy violation claim. The directors stock option plan ("2020 Stock Issuance Plan") pursuant to which the options were awarded was approved by shareholders in February 2020, whose approval was solicited through a proxy statement which we allege was materially false and misleading in failing to disclose inter alia (i) material transactions regarding material amounts of China XD's operating assets by China XD and an affiliate of the majority owners in anticipation of a taking private; and (ii)majority owners' "plan" to take China XD private. The shareholders approved the 2020 Stock Issuance Plan which led to a 3.6 million share grant to Han and directors triggered by the Merger thus gaining for those directors who had approved the Merger, a windfall of approximately $4.3 million at the expense of stockholders whose share ownership was diluted and whose share of the aggregate merger consideration was likewise reduced. The 3.6 million share grant represents over 10% of the share count of unaffiliated shares owned.

## 2. The Special Committee Has Failed To Carry Its Burden As Proponent Of An Indefinite Stay Of Exclusive Federal Claims

The party seeking a stay has the burden. *Louis Vuitton Malletier v. LY USA, Inc.*, 676 F.3d 83, 97 (2nd Cir. 2012). The burden cannot be discharged here with vague information about the length of the stay as offered here. All that the Special Committee has told the Court is that there is a "binding confidential term sheet" memorializing a "proposed settlement" ... "that provides for substantial class-wide monetary relief that would moot Plaintiffs' claims here." The term "binding . . . term sheet" is contradictory. In fact, "term sheets" are never "binding" by definition. Thus, there is no signed settlement, let alone a court approved class action settlement, any that is months away and may never happen given China XD's second postponement of closing of the Merger. Special Committee also claims that the shareholder vote renders these claims moot. There is no logic or explanation or citation to support the contention that a shareholder vote moots federal securities proxy claims. That would render the entire Section 13 and 14 statutory scheme useless.

Honorable Sanket J. Bulsara
February 12, 2021
Page 5

### 3. Special Committee's Colorado River Analysis Is Fatally Flawed

The actions are not identical nor are they parallel. There is no reason for the court to "abstain" and thus the Special Committee is not entitled to a stay under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818 (1976) ("*Colorado River*"). The Special Committee relies mainly on three cases, *Colorado River*, *Gabelli v. Sikes Corp.*, 1990 WL 213119, at *3 (S.D.N.Y. Sept. 18, 2012) [sic], *Kappel v. Comfort*, 914 F. Supp. 1056 (S.D.N.Y. 1996). None are applicable here as substantial precedent from within this Circuit makes clear.

Here, because "[f]ederal courts have exclusive jurisdiction over [the Exchange Act] claims," the federal and state court cases are not parallel, and "*Colorado River* abstention is therefore inappropriate." *Fields v. Allied Capital Corp.*, No. 89 Civ. 5679 (TPG), 1990 U.S. Dist. LEXIS 11261, at *3-4, 1990 WL 128908, at *2 (S.D.N.Y. Aug. 28, 1990) (internal citation omitted); *see also Kingsway Fin. Servs. v. Pricewaterhouse-Coopers, LLP*, 420 F. Supp. 2d 228, 236 (S.D.N.Y. 2005) ("Because the cases are not parallel, the Court does not have authority to abstain . . . and need not balance [**27] the *Colorado River* factors.") (internal citations and quotation marks omitted). *See also In re Comverse Tech., Inc.*, 2006 U.S. Dist. LEXIS 80195, 2006 WL 3193709, at *3 ("given the exclusive jurisdiction of the federal courts over Exchange Act claims, courts confronted with <u>Colorado River</u> abstention requests in cases involving such claims have routinely denied those requests"); *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 464 (S.D.N.Y. 2003) ("Numerous cases have held that, because federal jurisdiction over securities claims is exclusive, abstention with regard to an action involving federal securities claims is inappropriate.").

In *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6 (E.D.N.Y 2014), the court denied a motion to stay because the Exchange Act claims were exclusively within the jurisdiction of the federal courts and the rules of decision and whether the state forum would adequately protect the interests of the party invoking federal jurisdiction — weighed heavily against abstention. *Mazuma Holding Corp.* has been followed in several other cases, including *Tanzanian Royalty Expl. Corp. v. Crede CG III, Ltd.*, 2019 U.S. Dist. LEXIS 50310, 2019 WL 1368570 (S.D.N.Y. 2019) (denying request to abstain from exercising jurisdiction over any surviving claims under the *Colorado River* doctrine and listing cases).

The letter brief seizes upon an inapposite case and states: "Federal courts routinely exercise their discretion to stay parallel merger-related actions, and the foregoing factual backdrop presents a particularly compelling basis for such relief. *See, e.g.*, *Gabelli v. Sikes Corp.*, 1990 WL 213119, at *3 (S.D.N.Y. Sept. 18, 2012) [sic] (staying merger case in favor of parallel first-filed state action). In *Gabelli*, however the court granted the stay in large part because "**the Gabelli Entities intervened**" in the Florida actions. *Gabelli v. Sikes Corp.*, 1990 WL 213119, at *3 (S.D.N.Y. Sept. 18, 1990). Likewise, Defendants' *Kappel* cite and reliance is misplaced because *Kappel* applies only when seeking to stay a *federal* action in light of a concurrently pending *federal* action.

Defendants cite to *SST Global Tech, LLC v. Chapman*, 270 F. Supp. 2d 444, 2003 U.S. Dist. LEXIS 11946 (S.D.N.Y. 2003), does not help them. *SST Global Tech, LLC* did involve a merger, among other things, but and the court nonetheless denied the motion for a stay. *SST Global Tech., LLC* held duplicative litigation is not a determinative factor, and, instead focused on the presence in the case of **a federal securities law component**.

### C. Special Committee's Other Justifications For A Stay (*i.e.* Burden of Expedited Discovery; "Delay" And Wrong Venue) Are Insufficient To Earn An Indefinite Stay Of Exclusive Jurisdiction Federal Claims

Special Committee counsel has criticized Plaintiff for "substantial delay in pursuing equitable relief" Letter at 2. But the delay is now irrelevant: the closing is not until May 10, 2021 and any injunction would be of the closing. Special Committee also fails to address China XD's substantial delay in paying shareholders for their shares. China XD has thus trapped its shareholders in an investment that has its trading price artificially capped at $1.20 per share. Lately, the shares were trading at $1.14 per share.

Special Committee's focus in the request for expedited discovery and a preliminary injunction schedule that is now moot. *See* letter at 2 "entertaining a motion for expedited discovery .... would invite duplicative effort, inconsistent rulings and judicial inefficiency"; Letter at 2 "delay in pursuing equitable relief"; Letter at 3 "plaintiff has no basis to request expedition and equitable relief ..."; Letter at 6 "defendants have already complied with expedited discovery in the Feng Action...."; Letter at 6 "it would be wholly inequitable .... to subject defendants to aa second round of expedited discovery"; Letter at 7 "plaintiff cannot possibly pursue expedited relief in aid of a preliminary injunction...."; Letter at 9 "plaintiffs professed desire to seek expedited discovery..."; Letter at 9 "defendants would suffer a heavy and unnecessary burden if required to once again devote resources to litigating a preliminary injunction motion."

As far as Defendants' argument that New York is an inconvenient forum, that contention is based on Special Committee's assertion that the Flushing, New York address noted by Plaintiff as a China XD business location is actually the home address of its CFO. But China XD's own June 15, 2020 press release admits that "the proxy materials and other filings can be obtained "without charge, by contacting the Company at . . . ." the Flushing, New York address. *See* Exhibit D. Moreover, Defendants have not identified a more appropriate venue, nor made a forum inconveniens motion.

Honorable Sanket J. Bulsara
February 12, 2021
Page 7

## CONCLUSION

  For all the foregoing reasons, Special Committee's motion for a Stay should be denied and an order issued require the appropriate Defendants here to turn over to Plaintiff here all discovery product generated in the Nevada action and allow Plaintiff to participate in any further discovery in Nevada.

                Respectfully submitted,

                Lee Squitieri

LS:mm
Encls.