

Hogan Lovells US LLP
390 Madison Ave.
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

February 24, 2021

**Via CM/ECF**

The Honorable Sanket J. Bulsara
United States Magistrate Judge, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Schmitt v. China XD Plastics Co. Ltd., et al.*, **No. 1:20-CV-06028**

Dear Judge Bulsara:

Pursuant to the Court's February 17, 2021 Order, we respond on behalf of Defendants to Plaintiff's February 12, 2021 opposition (the "Opposition") to the Stay Motion.

Plaintiff's Opposition confirms that his strategy is to try to elbow his way into a settled case, even if that means taking inconsistent and unreliable positions. Contrary to the Opposition's insistence that Plaintiff would "delete[] <u>all</u> claims, all allegations and all counts for fiduciary duty breaches and aiding and abetting thereof" from his Amended Complaint (the "AC"), the AC he filed on February 17, 2021, ECF No. 19, still plainly alleges duplicative and overlapping breach of fiduciary duty (Count IV) and aiding and abetting (Count V) claims—rendering the Opposition's representations at best erroneous. Indeed, Plaintiff did nothing more than convert Count I, which previously alleged individual claims for violations of Section 14(a) and Rule 14a-9, into a purported class claim *that will be released by the proposed settlement in the prior-filed Nevada action*. Plaintiff also failed to comply with Federal Rule of Civil Procedure 15(a), which requires consent from opposing parties or leave of court to amend a complaint more than 21 days after service. Plaintiff obtained neither. In any case, the AC's new class claim pleads Plaintiff straight into the Private Securities Litigation Reform Act ("PSLRA") and its automatic stay of discovery, and thus stands in the way of his pursuit of discovery in the Nevada action.

In sum, because the AC fails to remove the overlap with the Nevada action or refute Defendants' arguments, it reinforces that a stay is appropriate and necessary.

### I. The AC Does Not Moot The Stay Motion And Reinforces A Stay Is Needed

Contrary to the Opposition's assertion that the AC would "relieve[] this Court of any concerns" about litigating a case in New York when virtually identical issues have reached settlement in Nevada, the AC continues to include duplicative, overlapping breach of fiduciary duty claims. Even if Plaintiff had removed the breach of fiduciary claims, the AC nonetheless would reinforce the need for a stay because amended Count I (now asserting class claims under Section 14(a) and Rule 14(a)-9) will be released by the proposed settlement in the Nevada action.[1]

---

[1] Plaintiff does not even attempt to argue that his Section 13 claim supports an injunction, and for good reason: It is asserted on an individual (not class-wide) basis and arises out of a separate transaction disclosed in a separate proxy statement over a year ago.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Moscow Munich New York Northern Virginia Paris Perth Philadelphia Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Riyadh Shanghai FTZ Ulaanbaatar Zagreb. Business Service Centers: Johannesburg Louisville. Legal Services Center: Berlin. For more information see www.hoganlovells.com

*See Gabelli v. Sikes Corp.*, 1990 WL 213119, at *5 (S.D.N.Y. Dec. 14, 1990). Thus, allowing Plaintiff to litigate his federal disclosure claims on an expedited basis plainly will yield the very type of unnecessary litigation that *Colorado River* abstention seeks to avoid.

Plaintiff tries—and fails—to distinguish *Gabelli* by arguing that *Colorado River* abstention is inappropriate for claims under the Exchange Act. Opp. at 5. But Plaintiff ignores that a stay is appropriate where, as here, there is the "imminent possibility" that the state court action "will dispose of the exclusive federal issue" by approving a settlement with releases. *Gabelli*, 1990 WL 213119, at *5. Plaintiff offers no law to the contrary, and none of the cases he cites in an effort to distinguish *Gabelli* involved a settlement. *Gabelli* also recognizes that a stay is proper where the exclusive federal claim is frivolous, which likewise applies here. Besides being untimely, Plaintiff's Section 14 claims are premised on alleged disclosure deficiencies that in many instances were disclosed and plainly are not material as a matter of law. (*Compare, e.g.*, AC ¶ 70, asserting that Final Proxy fails to make "any disclosures" related to May 19 – June 15, 2020 negotiations *with* Final Proxy at 22-27, a true and correct copy of which is attached hereto as Exhibit A.) The proxy fairly and accurately disclosed all material facts related to the Transaction and, as this Circuit has long recognized, the "appropriate standard" for proxy disclosures is "[f]air accuracy, not perfection." *Kennecott Copper Corp. v. Curtiss-Wright Corp.*, 584 F.2d 1195, 1200 (2d Cir. 1978).[2]

With his amended class claim, Plaintiff also has pleaded himself into the PSLRA, which triggers an automatic stay of discovery pending this Court's determination of whether the AC sufficiently states a claim. *See* 15 U.S.C. § 78u–4(b)(3)(B); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004). Further, even if this case were permitted to proceed, it is not clear whether Plaintiff—an Iowa resident who waited months to bring his suit—would lead it. The PSLRA imposes a long process for appointing lead plaintiff and plaintiff's counsel (a process Plaintiff does not indicate he has started). *See* 15 U.S.C. § 78u–4(a)(3). A slight delay in the closing of the Transaction will not relieve Plaintiff of this necessary process. *See* Opp. at 1–2.

## II. Plaintiff's Disclosure Claims Provide No Basis For An Injunction.

Plaintiff will suffer no prejudice from a stay because he cannot possibly make the showing necessary to obtain an injunction.

<u>First</u>, as courts in this Circuit and elsewhere uniformly recognize, a plaintiff should seek injunctive relief <u>before</u> a stockholder vote. *See, e.g.*, *Koppel v. 4987 Corp.*, 167 F.3d 125, 137 (2d Cir. 1999) ("The courts should provide parties with no encouragement to sit on live claims until after a shareholder vote."). Thus, courts routinely deny requests for injunctive relief if they are not brought <u>sufficiently in advance of a stockholder vote</u>. *See Ratner v. Forest City Realty Trust, Inc.*, 2018 WL 6167311, at *4 (N.D. Ohio Nov. 26, 2018) (denying request for injunctive relief

---

[2] Plaintiff also attempts to distinguish *Gabelli* by asserting that the court "granted the stay in large part because 'the Gabelli Entities intervened'" in the state actions. Opp. at 5. This is a distortion. The court merely recognized that plaintiffs had "an opportunity to file objections to the tentative settlement of the class actions," just as Plaintiff will be afforded in Nevada. *Gabelli*, 1990 WL 213119, at *6.

made three days before stockholder vote); *Galaton v. Johnson*, 2011 WL 9688271, at *2 (E.D.N.C. Aug. 17, 2011) (denying request for injunctive relief made 11 days before stockholder vote).

Here, it is undisputed that the stockholder vote approving the Transaction occurred on November 5, 2020, over a month before Plaintiff filed this lawsuit. Plaintiff's attempt to exploit the Company's recent announcement of a slight delay in the closing is unavailing. The right at issue with a disclosure claim is "the right to receive fair disclosure of the material facts necessary to cast a fully informed vote." *Globis Partners*, 2007 WL 4292024 at *10. Plaintiff's position that he should be permitted to seek to enjoin the Transaction based on alleged disclosure deficiencies in the Final Proxy makes no sense and fails as a matter of law.

Second, given that Plaintiff's extraordinary delay brings him to the Court after the stockholder vote, what Plaintiff really seeks is an affirmative injunction requiring that the stockholder vote be rescinded and a new vote conducted. AC ¶ 57. This is a truly extraordinary request subject to an even "higher standard" of proof. *See Islam v. Cuomo*, 475 F. Supp. 3d 144, 152 (E.D.N.Y. 2020). Plaintiff cannot show any likelihood of success on the merits, let alone a "clear or substantial likelihood of success on the merits." *Id.* Plaintiff's alleged disclosure deficiencies are nothing more than a hodgepodge of "tell me more" allegations that have become ubiquitous in proxy disclosure strike suits—and that are routinely rejected.[3]

Third, the doctrine of laches bars Plaintiff's request. The record amply establishes the elements of laches—namely, (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *See Hizam v. Kerry*, 741 F.3d 102, 110 (2d Cir. 2014). Plaintiff's lack of diligence is well documented, and Defendants would be prejudiced if forced to defend this frivolous and duplicative case.

\* \* \* \* \*

Based on the foregoing, as well as the reasons set forth in Defendants' February 5, 2021 letter, Defendants respectfully request the Stay Motion be granted and further request that the Court deny Plaintiff's request for an order requiring Defendants to turn over the discovery produced in the Nevada action and allowing Plaintiff to participate in any further discovery "in Nevada."

---

[3] Plaintiff's request for an order requiring Defendants to turn over discovery produced in the Nevada action and allowing Plaintiff to participate in any further discovery "in Nevada" is misplaced. As noted, Plaintiff ignores the PSLRA's automatic discovery stay pending resolution of a motion to dismiss, which Defendants have indicated their intent to file if the Stay Motion were denied. *See* 15 U.S.C. § 78-u4(b)(3)(B); *see In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 681 (D. Md. 2000) (refusing to lift automatic stay of discovery even where the defendant expressed only a "probable" intent to move to dismiss); *In re Trump Hotel S'holder Derivative Litig.*, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (holding PSLRA automatic stay applied where motion to dismiss had not yet been filed given scheduling).

Respectfully submitted,

*/s/ Ryan M. Philp*
Ryan M. Philp
HOGAN LOVELLS US LLP
ryan.philp@hoganlovells.com
390 Madison Avenue
New York, NY 10017
Telephone: 212.918.3000
Facsimile: 212.918.3100

*Attorney for Defendants Huiyi Chen, Guanbao Huang, and Linyuan Zhai*

*/s/ J. Colby Williams*
J. Colby Williams (*pro hac vice*)
CAMPBELL & WILLIAMS
jcw@cwlawlv.com
700 South Seventh Street
Las Vegas, NV 89101
Telephone: 702.382.5222
Facsimile: 702.382.0540

*Attorney for Defendants Jie Han, XD. Engineering Plastics Company Limited, Faith Horizon, Inc., and Faith Dawn Limited*

*/s/ Darren J. Lemieux*
Darren J. Lemieux (*pro hac vice*)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
DLemieux@lrrc.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: 702.949.8200
Facsimile: 702.949.8398

*Attorney for Defendant China XD Plastics Company Limited and Taylor Zhang*

cc:  The Honorable Judge Nicholas G. Garaufis