UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA SCHMITT, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>CHINA XD PLASTICS COMPANY, LIMITED, FAITH DAWN LIMITED, FAITH HORIZON, INC., XD ENGINEERING PLASTICS COMPANY LIMITED, JIE HAN, TAYLOR ZHANG, LINYUAN ZHAI, HUIYI CHEN and GUANBAO HUANG,<br><br>                    Defendants. | Civil Action No.: 1:20-cv-06028-NGG-SJB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL PURSUANT TO PSLRA 15 U.S.C. §78U-4(a)(3)(B)** |

SQUITIERI & FEARON, LLP
Olimpio Lee Squitieri
32 East 57th Street
12th Floor
New York, New York 10022
Tel: (212) 421-6492
Fax: (212) 421-6553
Email: lee@sfclasslaw.com


*Attorneys for Plaintiff*

Dated: April 30, 2021

Plaintiff Joshua Schmitt ("Schmitt") respectfully submits this memorandum of law in support of Plaintiff's motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Plaintiff as Lead Plaintiff for the class of all purchasers or acquirers of the securities of China XD Plastics Company ("China XD" or the "Company") before September 30, 2020 (the "Class Period"); and

(b) approving Plaintiff's selection of Squitieri & Fearon, LLP as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On February 17, 2021, an amended class action complaint (the "Am. Cmplt.") was filed in the United States District Court for the Eastern District of New York. Case No. 1:20-cv-06028-NGG-SJB, Dkt. No. 19. The Amended Complaint was the first time this action was filed as a "covered" class action under the PSLRA. On March 2, 2021, less than the 20 days prescribed by the PSLRA, a notice was published pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the Am. Cmplt., the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Lee Squitieri ("Squitieri Decl."), Ex. A, filed herewith. According to the PSLRA, any motions for appointment of lead counsel and lead plaintiff must be filed within 60 days of the date of publication of notice.

Defendant China XD is a research, development, manufacturing company and seller of modified plastics primarily for automotive applications in the People's Republic of China, and Dubai, the United Arab Emirates. China XD has more than 600 customers. The Company's main products have occupied the first place in automobile production of polymer materials area in the past five years in China. China XD is controlled by its majority shareholders Defendants Han and XD Engineering.

Majority owned Han and XD Engineering, facilitated by the Director Defendants, caused China XD to enter into the Merger Agreement in June 2020 at a price per share of $1.20 per share to minority shareholders that is nearly 50% less than Engineering XD's December 2019 purchase of shares from certain of China XD's officers and directors at a price of 2.049 per share. The majority owners, who also control management of China XD, also orchestrated the dilutive grant of 3.6 million share grants to directors in February 2020 whose approval was solicited through a materially false and misleading proxy statement.

This action includes class action claims for violations of Section 14 of Securities Exchange Act of 1934 in connection with two proxy solicitations for votes by China XD shareholders in 2020. *See* Amended Complaint Count I ¶¶47-58. The basis of the class claims for proxy violations is that Proxy Statements issued in June 2020 and thereafter soliciting the merger were defective and in violation of SEC Rule 14 and Rule 14a-9 because they contained untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. The stockholders vote was required for approval of the merger. In addition, the Proxy fails to provide all information required under Rule 13e-3 (see Count II below, incorporated herein by reference). As a result, such omissions and half-truths make the Proxy in violation of Section 14(a). The misrepresentations and omissions in the Proxy Materials for the Merger were material to Plaintiff and the class members who were solicited to vote in favor of the merger agreement by defective Proxy Materials. This constituted loss and harm to their voting rights and caused them economic harm.

In addition, Defendant China XD's separate proxy statement issued in January 2020 soliciting votes in favor of a newly enacted 2020 Stock Issuance Plan specifically for newly installed directors who would soon be voting to approve, for China XD, a majority takeover. The proxy soliciting votes for approval of the massively dilutive stock issuance was materially false and misleading in failing to disclose (i) material transactions by China XD in anticipation of a majority

owner takeover; and (ii) Han and XD Engineering's "plan" to take China XD private. The class member shareholders approved the 2020 Stock Issuance Plan which led to a 3.6 million share grant to Han and directors before the Merger thus gaining for them a windfall of approximately $4.3 million.

## ARGUMENT

**I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action/n by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff' to serve as lead plaintiff is the person or group that:

(aa)    has either filed the complaint or made a motion in response to a notice...;

(bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(ii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff for the Class."

**A.      Movant Is Willing to Serve as Class Representative**

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. D hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

B.   **Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff. . .is the person or group of persons that... has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex,* 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten-styled*[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.,* 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant owns approximately 52,327 shares and lost approximately $153,309.49 in connection with purchases of China XD securities. *See* Bx. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

C.   **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(l)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the

---

[1]   *Lax v. Merch. Acceptance Corp.,* 1997 WL 461036 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.,* 3 F.Supp.2d 286,295 (E.D.N.Y. 1998).

> class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films,* 247 F.R.D. at 439 (only *a prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Plaintiff's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.,* 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Plaintiff's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Plaintiff's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Plaintiff's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in China XD securities and is therefore, extremely motivated to pursue claims in this action.

**D.     Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant is a sophisticated investor with over 10 years of investing experience who resides in Iowa. Movant is a staff engineer at John Deere. Movant holds a Master of Science from Colorado State University.

The presumption that Movant is the most adequate Lead Plaintiff is not subject to rebuttal. Movant has suffered financial losses and has the largest financial interest in this case of any timely movant. *See* Ex. B hereto. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

**II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with

Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(ii)11)(aa).

Movant has selected Squitieri & Fearon LLP as Lead Counsel. The firm has been actively researching Plaintiff's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. C hereto. The firm has prosecuted numerous securities actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Plaintiff's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Plaintiff's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Plaintiff's selection of Squitieri &

Fearon LLP as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: April 30, 2021                    Respectfully submitted,

                                         SQUITIERI & FEARON, LLP

                                         By:*/s/Olimpio Squitieri*
                                                Olimpio Lee Squitieri
32 East 57th Street
12th Floor
New York, New York 10022
Tel: (212) 421-6492
Fax: (212) 421-6553