# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

JOSHUA SCHMITT, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

v.

CHINA XD PLASTICS COMPANY, LIMITED, FAITH DAWN LIMITED, FAITH HORIZON, INC., XD ENGINEERING PLASTICS COMPANY LIMITED, JIE HAN, TAYLOR ZHANG, LINYUAN ZHAI, HUIYI CHEN and GUANBAO HUANG,

        Defendants.

CASE NO. 1:20-cv-06028-NGG-SJB

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
TIMOTHY LOUGHRAN'S AND KEVIN LU'S
MOTION TO APPOINT CO-LEAD PLAINTIFFS
AND APPROVE PROPOSED CO-LEAD PLAINTIFFS' CHOICE OF COUNSEL**

# TABLE OF CONTENTS

I. MOVANTS HAVE THE LARGEST FINANCIAL INTEREST ............................................ 1

   A. Aggregation Is Improper ................................................................................. 1

   B. The Allegations in the Schmitt Amended Complaint Govern the Determination of Financial Interest ................................................................................. 2

II. THE NEVADA PLAINTIFFS ARE INADEQUATE ............................................................ 3

III. COUNSEL FOR MOVANTS ARE QUALIFIED AND ADEQUATE ................................ 4

IV. CONCLUSION ........................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Stengle v. Am. Italian Pasta Co.*,
  Case No. 05-0730-CV-W-ODS, 2005 U.S. Dist. LEXIS 43816 (W.D. Mo. Dec. 19, 2005) .. 4

*The Erica P. John Fund, Inc. v. Halliburton Company, et al.*, No. 3:02-cv-1152-M (N.D. Tex.) .5

*Tan v. NIO Inc.*,
  No. 19-CV-3188 (NGG) (VMS), 2020 U.S. Dist. LEXIS 36623 (E.D.N.Y. Mar. 3, 2020) 1-2

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................................ 1, 2

*Varjabedian v. Emulex Corp.*,
  888 F.3d 399 (9th Cir. Apr. 20, 2018) ................................................................................... 5

**STATUTES**

15 U.S.C. § 78n(a) ..................................................................................................................... 4, 5

15 U.S.C. § 78u-4 ...................................................................................................................... 2, 3

**RULES**

Fed. R. Civ. P. 23 .......................................................................................................................... 3

Tim Loughran and Kevin Lu ("Movants") respectfully submit this omnibus memorandum of law in further support of their motion for appointment as Co-Lead Plaintiffs and approval of their choice of counsel.[1]

I.  **MOVANTS HAVE THE LARGEST FINANCIAL INTEREST**

  A.  **Aggregation Is Improper**

All other movants agree that the Nevada Plaintiffs cannot aggregate their holdings. *See* Dkt. No. 26 at 6-7; Dkt. No. 28 at 9-10. Ironically, while the Nevada Plaintiffs attack Movants Lu and Loughran as being "unrelated individuals who were assembled by counsel," Dkt. No. 27 at 3, the Nevada Plaintiffs' ***own*** Joint Declaration admits that its four members had no pre-existing relationship prior to filing suit in Nevada by failing to allege one. The Nevada Plaintiffs themselves admit that this alone is fatal to aggregation. *See* Dkt. No. 27 at 4 (where "declarations are silent on this issue, so the Court must presume that no such relationship existed").

Moreover, the fact that the four members of the Nevada Plaintiffs live in four geographically dispersed locations – Montreal, Canada; Freeport, Maine; Minneapolis, Minnesota; and China – further suggests that they did not know each other prior to this litigation. Dkt. No. 23-9. This too is fatal to their attempts to aggregate their losses. *See* Dkt. No. 27 at 5 (noting that fact that movants "live on opposite sides of the country" as contributing to finding that they "appear to have been complete strangers"); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y. 2008); *see also Tan v. NIO Inc.*, No. 19-CV-1424, 2020 U.S. Dist. LEXIS 36623, at *13-14 (E.D.N.Y. Mar. 3, 2020) (finding a joint declaration that was "entirely silent as

---

[1] Unless otherwise noted, capitalized terms not defined herein have the same meaning as in Movants' opening brief (Dkt. No. 22-1) and all emphasis herein is added and all internal quotation marks and citations are omitted.

1

to any pre-litigation relationship" with "no indication that any of the group's members...had communicated with one another prior to that" insufficient).

Simply put, if the Nevada Plaintiffs are an appropriate group, then so too are Movants Lu and Loughran. They cannot have it both ways.

More importantly, grouping or not, Movants Loughran and/or Lu win the day regardless. As a group and counting all shares, they hold 136,678 shares of China XD, which is the largest movant group seeking lead appointment. And, on an individual basis, Movant Lu alone holds the largest single financial interest on the record date, with 89,516 shares. Pursuant to well-settled jurisprudence, if the Court determines that the movants may not aggregate holdings for the purpose of seeking appointment as a group, it should nevertheless consider "the largest shareholder of the [] [g]roup, individually, *as if he had moved to be appointed as lead plaintiff alone*." *Varghese*, 589 F. Supp. 2d at 394. Accordingly, and in sum, either way, Movants Lu and Loughran prevail.

### B. The Allegations in the Schmitt Amended Complaint Govern the Determination of Financial Interest

In an obvious attempt to bolster his own holdings, which are the smallest of all the movants, Plaintiff Schmitt seeks to disregard the vast majority of the allegations in *his* governing complaint – effectively withdrawing his bid to be Lead Plaintiff for his *own* allegations – because the Buyout was terminated. *See* Dkt. No. 28. That is not how the PSLRA works.

This is a securities case challenging the now failed buyout of China XD for $1.20 per share (the "Buyout"). The Amended Complaint – which alleges violations of Sections 14(a), 20(b), 13(d) and (e) of the Securities Exchange Act of 1934 in connection with the Definitive Proxy used to solicit votes for the Buyout – governs the time period for determining financial interest under the PSLRA. 15 U.S.C. § 78u-4(a)(2)(B)(iii)(I)(bb) (rebuttable presumption that lead plaintiff should be movants with "largest financial interest *in the relief sought by the class*"). And the Definitive

Proxy at issue in the governing Amended Complaint was issued on September 30, 2020 and set a record date on September 29, 2020 as the record date for determining the stockholders entitled to notice of and to vote at the Special Meeting regarding the Buyout. That date governs.

And, as outlined above, with 89,516 shares as of September 29, 2020, Movant Lu holds the largest financial interest.

Plaintiff Schmitt's disingenuous attempts to question the holdings of the other movants also need not delay the Court. The PSLRA requires a lead plaintiff movant to "set[] forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 78u-4(a)(2)(A)(iv). That is precisely what the certifications of Movants Lu and Loughran did: "During the Class Period, Movant has *executed transactions* in the securities of China XD Plastics Company. The transactions in the attached Rider A set forth *all of the transactions of Movant in China XD Plastics Company securities during the Class Period specified in the Complaint.*" Dkt. Nos. 22-4 and 22-6 (emphasis added). This is exactly what is required, there is no requirement to allege "ownership," and, regardless, the buy/sell transactions outlined make clear that both Movants Lu and Loughran own China XD stock.[2]

## II. THE NEVADA PLAINTIFFS ARE INADEQUATE

All other movants also agree that the Nevada Plaintiffs are inadequate. *Accord* Dkt. No. 26 at 11; Dkt. No. 28 at 10-11. Simply put, the Nevada Plaintiffs do not satisfy the typicality and adequacy requirements of Rule 23 and are subject to unique defenses because, most notably, they initiated parallel litigation in Nevada State Court to challenge the merger at issue here and

---

[2] Indeed, as the Nevada Plaintiffs aptly note, it is Plaintiff Schmitt's certification that is deficient under the PSLRA *because* it simply alleges ownership and fails to "set[] forth all of Schmitt's transactions". Dkt. No. 27 at 8-10.

3

allegedly *already* settled that litigation and presumably released all their claims in connection with the Nevada Settlement. Thus, it is not clear what (if any) claims the Nevada Plaintiffs plan to prosecute in this Court (or are even allowed to prosecute). The merger has been terminated and it is not clear if the settlement by Nevada State Plaintiffs will proceed or not, and they have refused to share any information about and kept the settlement confidential. *See* Dkt. No. 27 at 1 ("The Nevada Plaintiffs have not yet adopted a formal position on whether the Section 14(a) claim remains viable following the Buyout termination and what damages flow from any alleged misrepresentation or omission. In the interim, however, the Nevada Plaintiffs continue to seek appointment as Lead Plaintiffs and oppose the motions filed by Schmitt and the Loughran-Lu Group."). These issues render the Nevada Plaintiffs ineligible for appointment as Lead Plaintiff, and there is simply no justification for appointing a representative, like the Nevada Plaintiffs, whose leadership will doom this litigation from the outset.

### III. COUNSEL FOR MOVANTS ARE QUALIFIED AND ADEQUATE

Plaintiff Schmitt needlessly attacks the adequacy and competency of all other movants' counsel. Such conduct is unbecoming. *See Stengle v. Am. Italian Pasta Co.*, No. 05-0725-CV-W-ODS, 2005 U.S. Dist. LEXIS 43816, at *19 (W.D. Mo. Dec. 19, 2005) (movants "have chosen counsel who, based on their written filings in this Court, have demonstrated a substantial propensity for ad hominem and personal attacks…The Court has no patience for such conduct and is particularly reluctant to deem those who engage in such actions 'adequate' for purposes of representing a class of investors.").[3] The simple fact of the matter is that Movants' selected counsel - KSF & M&A – are more than qualified to work as Co-Lead Counsel to prosecute the claims of the Class. In fact, it is counsel for Schmitt and the Nevada Plaintiffs that have little or no experience

---

[3] It is also demonstrably false, as KSF was not counsel in any of the cases identified by Plaintiff Schmitt. *See* Dkt. No. 28 at 9.

in the past three years litigating § 14(a) merger cases. By contrast, M&A has defeated over half a dozen motions to dismiss in the past three years for shareholders of Envision Healthcare, Jaguar Animal Health, Transgenomic, Oclaro, First Connecticut Bancorp, and Papa Murphy's, and obtained three cash settlements for shareholders in § 14(a) merger litigation, including Envision Healthcare ($17.4 million); Jaguar Animal Health ($2.6 million); and Transgenomic ($1.95 million). Moreover, M&A also changed the law in the Ninth Circuit and lowered the standard of liability under Section 14(e) of the Exchange Act to better protect shareholders. *Varjabedian v. Emulex Corp.*, 888 F.3d 399 (9th Cir. Apr. 20, 2018). M&A is also recognized as a preeminent securities firm listed in the Top 50 in the 2018, 2019, and 2020 ISS Securities Class Action Services Report. *See* Dkt. No. 22-9.

Similarly, KSF is a heavy hitter in securities litigation and served as special counsel and court-appointed Co-Counsel to the lead plaintiff in *The Erica P. John Fund, Inc. v. Halliburton Company, et al.*, No. 3:02-cv-1152-M (N.D. Tex.), which settled for $100 million and went to the United States Supreme Court twice, where plaintiffs won 9-0 in the first instance and prevailed in upholding the "fraud on the market theory" – the fundamental theory on which *all* federal class action securities litigation rests – in the second instance. What is more, KSF has likewise secured numerous cash settlements for shareholders in merger litigation in the past three years, including in the American Capital Ltd. ($17.5 million) and U.S. Geothermal ($6 million) mergers. *See* Dkt. No. 22-8.

Simply put, and as the aforementioned cases demonstrate, both M&A and KSF have the requisite experience and knowledge in litigating complex shareholder merger cases.

IV. **CONCLUSION**

For these reasons, Movants respectfully request that this Court: (1) appoint them as Co-

Lead Plaintiffs in this action; (2) approve their selection of KSF and M&A as Co-Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: May 28, 2021

**OF COUNSEL**

**KAHN SWICK & FOTI, LLC**
Michael Palestina
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Tel: (504) 455-1400
Dir: (504) 648-1843
Fax: (504) 455-1498
Email: michael.palestina@ksfcounsel.com

*Attorneys for Movants*

**MONTEVERDE & ASSOCIATES PC**

*/s/ Juan E. Monteverde*
Juan E. Monteverde (JM-8169)
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
Email: jmonteverde@monteverdelaw.com

*Attorneys for Movants*